**Meringolo & Associates, P.C.**
375 Greenwich Street
New York, NY 10013
(212) 941-2077 / (212) 202-4936 fax
www.meringololaw.com

---

April 25, 2014

**VIA ECF**
Honorable Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  <u>United States v. Liliana Trafficante</u>, **10-CR-650 (DAB)**

Dear Judge Batts:

     We respectfully submit this letter in response to the government's letter dated April 21, 2014. While we do not have any objections to the recent addendum to the Pre-Sentence Report, we would like to reiterate the following points to the Court.

**1. Ms. Trafficante Is In Criminal History Category I.**

     We respectfully contest the government's contention that Ms. Trafficante has a total of three criminal history points, which would place her in Criminal History Category II. We submit, and the Pre-Sentence Report addendum concurs, that Ms. Trafficante has one criminal history point, and should be in Criminal History Category I.

     The government's calculation appears to be based on a reading of the Guidelines that interprets the time Ms. Traffficante spent awaiting sentencing in her state case—i.e., during what would be more accurately described as presentence detention—as a sentence. Therefore, the government incorrectly asserts that Ms. Trafficante's sentence of time served was a sentence that exceeded one year and one month, and thus, three points should be added to her criminal history.

     However, under the Guidelines, three points are added for "a **sentence of imprisonment** exceeding one year and one month." U.S.S.G. §4A1.1(a) (emphasis supplied).  The statute does not state that the three points apply to a defendant who receives a sentence of time served, or that the time in custody while awaiting sentencing counts as a "sentence of imprisonment" (or, indeed, should be counted at all).

     In Ms. Trafficante's case, she was detained in state custody from October 2, 2012, until July 2013, at which time she was transferred into federal custody pursuant to Your Honor's Order. She was subsequently sentenced to time served for her state offense on December 20, 2013. However, the time she served in custody from October 2, 2012, until

1

December 20, 2013, was not a sentence of imprisonment as specified under U.S.S.G. §4A1.1(a). Rather, the approximate one year and two months she spent awaiting her state sentence was effectively just detention pending sentencing, **not a sentence of imprisonment.**

Therefore, her criminal history calculation should remain at one point, yielding a Criminal History Category of I and a corresponding sentencing range of 37-46 months.

**2. Credit for the Time Ms. Trafficante Has Already Served Would Be Proper and In the Interests of Justice.**

We also respectfully request that Ms. Trafficante's time spent in state custody be credited towards her federal sentence. While we understand the Bureau of Prisons has its own procedures for calculating credit, we respectfully submit that, under the circumstances, credit for the approximate eighteen months served in both state and federal custody is warranted. If the Bureau of Prisons will not credit the time, then we respectfully ask the Court to impose a sentence that accounts for the full amount of the time served in state custody and in federal custody prior to the imposition of the state sentence on December 20, 2013.

As of the date of this letter, Ms. Trafficante will have been detained for a total of 18 months. Her sentencing Guidelines range is 37-46 months.

Hypothetically, if Ms. Trafficante were not yet in custody, and if the Court were to impose a sentence of 37 months, with anticipated credit for good time in federal custody, Ms. Trafficante would be released in no fewer than 32 months.

If, in contrast, the Court were to impose a sentence of 37 months without regard to the state sentence or the full amount of time that Ms. Trafficante has already spent in custody, she would be released in 32 months, at which time she would effectively have been incarcerated for 50 months—above the Guidelines maximum range of 46 months.

With all respect to the government's desire to have a just punishment imposed, we respectfully submit that justice does not require Ms. Trafficante to serve a sentence above the applicable Guidelines range and that her rehabilitation and, indeed, her ability to begin to pay restitution and become a productive member of society, would be better served by a sentence of not longer than 37 months, which would adequately account for the full amount of time for which Ms. Trafficante has been incarcerated to date.[1]

**3. The Court Should Impose a Just Restitution Order.**

With respect to the government's request for restitution, we respectfully submit a $750,000 restitution order is improper under the circumstances. Absent an "unexpected windfall" as the government suggests, Ms. Trafficante does not have any assets nor will

---

[1] The defense respectfully continues to believe that a sentence of time served would be a just result and would meet all of the criteria of 18 U.S.C. § 3553(a).

2

she have any assets in the near future. Without minimizing the offense or the harm caused to the victims of this crime, restitution is simply not feasible. Therefore, we respectfully request that the Court enter an Order that restitution be paid on a schedule that will permit Ms. Trafficante to maintain a reasonable level of care for herself, her son, and her elderly parents.

**4. The Defense Has No Further Information As to the Family Court Case(s).**

Unfortunately, due to Ms. Trafficante's incarceration, the defense has been provided with limited information regarding her son's custody status. The full breadth of the defense's understanding of this issue has already been fully conveyed in its April 21, 2014 letter to the Court.

The latest information we have is that Ms. Trafficante was granted temporary custody of her son, which she would have needed to reapply for upon the expiration of Judge Sosa-Lintner's order, on July 13, 2012. In the interim, it is our understanding that the case was transferred to Bronx Family Court due to Ms. Trafficante's relocation in residence. However, when Ms. Trafficante became aware of said transfer, she was incarcerated.  She was unable to provide us with a case number for the Bronx Family Court case or with any further information as to its status. We possess no information regarding the Bronx proceedings, or even whether proceedings were, in fact, ever initiated.

We apologize for our lack of knowledge on the subject and will certainly provide the Court with any further information upon its discovery.

* * *

In conclusion, we respectfully request that the Court taken into consideration the foregoing facts and circumstances when imposing Ms. Trafficante's sentence.

Respectfully submitted,

 /s/_____
John C. Meringolo, Esq.

CC: All counsel (via ECF)